# In the United States Court of Federal Claims

No. 21-2029C

(Filed: December 10, 2021)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **AMENTUM SERVICES, INC.,** | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant,* | ) ) |
| and | ) ) |
| **VANQUISH WORLDWIDE, LLC,** | ) ) |
| *Defendant-Intervenor.* | ) ) ) |

### ORDER

*SOLOMSON*, **Judge.**

On October 15, 2021, Plaintiff, Amentum Services, Inc. ("Amentum"), filed its initial complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b)(1), challenging the award of a contract by the Department of the Army, Army Material Command ("AMC" or the "agency"), to Vanquish Worldwide, LLC ("Vanquish"). ECF No. 1. On October 18, 2021, Vanquish filed a motion to intervene, ECF No. 16, which the Court granted, via an electronic minute order, on that same date. On October 19, 2021, the Court issued a briefing schedule to resolve this case via motions for judgment on the administrative record. ECF No. 19. On November 4, 2021, Amentum filed its amended complaint, wherein Amentum asserts, *inter alia*, that AMC should have conducted discussions, pursuant to DFARS 215.306(c)(1), but failed to do so. ECF No. 21. On November 5, 2021, the government filed the administrative record. ECF Nos. 22, 23, 24.

In response to Amentum's amended complaint, on December 3, 2021, the government filed an unopposed motion to stay the proceedings in this case and for a

voluntary remand to AMC, pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 26 ("Def. Mot. for Voluntary Remand"). In that motion, the government represents that "AMC wishes to reconsider its award decision in light of the issues raised by Amentum's complaint" and requests, *inter alia*, that the Court "remand this matter to AMC for reconsideration of the challenged decision and any further administrative actions consistent with that reconsideration," as well as "authorize . . . AMC to consider any further information that the agency may gather during the remand in accordance with any procedures that the agency may establish for that purpose." *Id.* at 3.

In support of the government's motion for a voluntary remand, the government argues that "[a] remand is in the interest of justice because it will provide the agency with an opportunity to reconsider the award decision at issue in light of Amentum's allegations and any new information gathered during the proposed remand." *Id.* at 2. Moreover, the government contends that "[d]uring the proposed remand, the agency potentially could make a decision that could moot this action, in whole or in part, and may obviate the need for further litigation in this Court." *Id.* Finally, the government avers that its request is made "in good faith" and that "[w]hen, as in this case, 'the agency's concern is substantial and legitimate, a remand is usually appropriate.'" *Id.* (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)). The government's motion admits no error and does not commit to any particular course of corrective action.

On December 7, 2021, the Court held a status conference, *see* ECF No. 27, to discuss the government's motion. Minute Order (Dec. 7, 2021). During this conference, the government disclosed the existence of an internal memorandum that addresses whether the agency planned to conduct discussions in the procurement at issue. That document, however, apparently was created prior to the evaluation of proposals. In that regard, the government is disinclined to defend the agency's decision not to conduct discussions based upon that memorandum. Because the remedy for a violation of DFARS 215.306, in any event, would likely be an injunction requiring the agency to consider in the first instance, under the proper standard, whether discussions should be conducted, the government's view is that the Court should permit a remand now for that very purpose. In the government's view, the agency will decide either (a) to conduct discussions (and accept final proposal revisions), thus rendering the current dispute moot, *or* (b) discussions are not warranted, but will memorialize its new decision for possible judicial review, should Amentum seek to amend its complaint further to challenge such a newly rendered decision. In the latter case, the new documentation would be added to the administrative record.

Pursuant to RCFC 52.2, this Court, "on motion or on its own, may order the remand of appropriate matters to an administrative or executive body or official." As the United States Court of Appeals for the Federal Circuit explained in *SKF*, 254 F.3d at 1028,

when a court is reviewing a decision of a federal agency, as in this matter, "the government may seek a remand[,] without confessing error, to reconsider its previous position." In such a situation, the trial court has "substantial discretion" to deny or grant a motion for voluntary remand. *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020). Such voluntary remand motions, however, "should not simply be granted in a perfunctory manner[;] [r]ather, such motions should be treated as with any other motion affecting the substantial rights of the plaintiff, by subjecting the government's position to careful analysis to ensure that the motion is properly supported and justified." *Rahman v. United States*, 149 Fed. Cl. 685, 690 (2020) (citing *Keltner*, 148 Fed. Cl. at 563).

According to the Federal Circuit, a remand is usually appropriate where "the agency's request is 'substantial and legitimate.'" *Keltner*, 148 Fed. Cl. at 563 (citing *SKF*, 254 F.3d at 1028). A voluntary remand request may qualify as "substantial and legitimate" where: (1) the agency "provide[s] a compelling justification for its remand request"; (2) "the need for finality" does not "outweigh the [agency's] justification"; and (3) the "scope of [the agency's] remand request is appropriate." *Id.* at 564 (third alteration in original) (quoting *Ad Hoc Shrimp Trade Action Comm. v. United States*, 37 C.I.T. 67, 71 (2013)). Additionally, "[w]here an agency requests a remand without confessing error, the agency must express some intent to reconsider the original agency decision that is the subject of the legal challenge." *Id.* at 563; *see also Owens & Minor Distrib., Inc. v. United States,* 154 Fed. Cl. 349, 353 (2021) ("Following Judge Solomson's decision in *Keltner*, Judge Hertling concluded that the Court must engage with the record before it, and make a finding that the agency's concerns are actually substantial and legitimate, rather than simply crediting the United States' litigation position . . . ." (citing *Rahman*, 149 Fed. Cl. at 690)).

In applying this test, the Court finds that the government has not provided "compelling justification for its remand request." *Keltner*, 148 Fed. Cl. at 564. The government's thin motion for remand indicates that a remand is warranted because the agency acknowledges that, under the proper standard provided in DFARS 215.306, the agency perhaps should have conducted discussions, and, thus, the agency wishes to reconsider that issue. *See* Def. Mot. for Voluntary Remand. Additionally, the government represents that if the motion is granted, the agency "may wish to conduct limited communication exchanges with Amentum" and "may also decide to conduct discussions with the offerors." *Id.* at 2.

Although the government's representation regarding compliance with DFARS 215.306 strikes the Court as generally legitimate, the Court is unconvinced that the particular remand the government requests is "in the interest of justice." *Id.* Rather, such a remand — at least as proposed — would likely "delay this case . . . and serve to only potentially improve the government's litigation posture." *Keltner*, 148 Fed. Cl. at 565. The government's mere assertion that the agency desires another opportunity to review its decision is insufficient to justify granting the broad discretion the government seeks

via its voluntary remand motion.  In that regard, while the need for finality at this juncture perhaps is not overwhelming, the Court sees no reason to order a remand and have this case remain on the Court's docket while the agency broadly reassesses its position, all while having an unrestricted opportunity to effectively supplement the administrative record — something the government could not so easily accomplish during the litigation of this case.  Furthermore, the Court finds that the scope of the government's remand request is inappropriate.  As delineated *supra*, the government proposes broad discretion in its remand request, including the right to take "*any* further administrative actions consistent with [its] reconsideration" of the challenged procurement decision, and the right to "consider *any further information that the agency may gather* during the remand in accordance with *any procedures that the agency may establish* for that purpose."  Def. Mot. for Voluntary Remand at 3 (emphasis added).  Such latitude is neither appropriate nor just given the narrow issue the agency putatively seeks to address — whether the agency should have conducted discussions in the first instance.  *Cf. Owens & Minor Distrib.*, 154 Fed. Cl. at 355 (noting that "the scope of the proposed remand is inappropriate").

In other words, the agency either stands by its award decision or it does not, and the procurement decision at issue is either ripe for review or it is not.  The Court sees no reason in this case to superintend a remand process by adopting the government's proposed voluntary remand order.

Accordingly, the Court declines to exercise its discretion to order a remand here.

The Court nevertheless concludes that a temporary, brief stay of this case for the government to reconsider its contract award decision — *i.e.*, to determine whether discussions are warranted here (pursuant to DFARS 215.306) — is a fitting compromise, one to which no party raised a substantial objection during the December 7, 2021, status conference, when the Court proposed it.  Accordingly, on or before the expiration of the temporary stay, the parties shall file a joint status report, indicating one of the following:

1. The government has decided to rescind the disputed contract award for the purpose of engaging in discussions (and accepting final proposal revisions), thereby rendering this case moot;[1]

---

[1] *See Oak Grove Techs., LLC v. United States*, 155 Fed. Cl. 84, 110–112 (2021) (holding that "the Agency got the proper framework completely backwards because the DFARS provision makes conducting discussions the default absent a justification to the contrary" and noting that the "the Federal Circuit affirmatively agreed with the agency's conclusion in *Dell Federal* that the failure to conduct discussions was an 'undisputed procurement defect'" (quoting *Dell Fed. Sys., L.P. v. United States*, 906 F.3d 982 (Fed. Cir. 2018))).

2. The government has decided not to rescind the current contract award, in which case the parties shall propose a schedule for further proceedings;[2] *or*

3. The government proposes to rescind the disputed award decision for yet other reasons, in which case the parties shall provide their respective positions as to how the case should proceed, if at all.

In sum, the Court hereby **DENIES**, in part, Defendant's motion to remand, but **GRANTS** Defendant's request for a stay. Accordingly, this case is **STAYED** until **Monday, January 24, 2022**, on or before which the parties shall file a joint status report as indicated above.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
**Matthew H. Solomson**
**Judge**

---

[2] In the event the government decides that discussions are not warranted and produces new documentation to justify that decision, the government shall add such documentation to the administrative record filed with the Court. Amentum shall be given the opportunity to object to any such additional documentation and/or to amend its complaint to challenge any new agency justification not to conduct discussions. In that regard, however, the Court notes that Amentum itself agreed that, even if it were to prevail on the merits of its current complaint with respect to the discussions issue, the Court likely would order the agency to make a new decision (regarding discussions) under the correct legal standard. Thus, the Court's approach here is without prejudice to Amentum; even if the agency reaffirms its decision not to conduct discussions and issues a new supporting explanation, Amentum is no worse off than if it had prevailed on the merits with respect to this issue given the government's suggestion that the record, as it currently stands, lacks a contemporaneous justification. In other words, the result for Amentum likely would be the same either way: a new agency decision either (a) to engage in discussions, or (b) to reject discussions along with an opportunity to challenge that new decision.